STONE v. POWELL.

1. In an action for a malicious prosecution, plaintiff offered a transcript from the records of a justice of the peace, in which it appeared that one —— Stone had instituted proceedings against plaintiff, and then offered to prove by parol testimony that defendant was the identical —— Stone mentioned in the record. Held, that the circuit court erred in excluding such evidence.

2. But defendant cannot be allowed to introduce a plea of justification by defendant, to which plaintiff had demurred and the demurrer sustained, as evidence of the charge made.

APPEAL from the circuit court of Pettis county.

*Adams*, counsel for plaintiff:

The following points and authorities are relied upon by the plaintiff to reverse the judgment of the circuit court:

1. That the court erred in rejecting the transcript of the justice of the peace—1 Stark. 414; side p. ibid. 431, 420–2; King v. Morris, Strange, 909; (this last case is in point;) 2 Stark. 908–9; 3 Stark. 1137, 1601–2; 5 Johns. p. 1, Lewis v. Few; see p. 15 of same case, and ref.; 8 Johns. 25, Rodman v. Forman's admr's.; 8 Johns. 455, Brooks v. Bemiss; 9 Johns. 82, Page v. Wood; 20 Johns. 350, McKinley v. Rob; 2 Salkeld, 660; 2 vol. Mo. Rep. 135, Martin v. Miller, and p. 212 of same.

2. That the court erred in rejecting the special plea of the defendant as evidence to prove the speaking of the slanderous words—see Mass. Rep. vol. 15, p. 48, Jackson v. Stepson; 1 Pickering, p. 1, Alderman v. French.

*English*, counsel for defendant.

TOMPKINS, Judge, delivered the opinion of the court.

Stone brought his action for a malicious prosecution against Powell. The plaintiff suffered a non-suit, and then, for reasons assigned, moved to set aside his non-suit. His motion being overruled, he appealed to this court.

The bill of exceptions shows that the plaintiff offered in evidence on the trial of the cause, a transcript from the docket of William Taylor, a justice of the peace of Howard county, duly certified. He then introduced the justice himself to prove the transcript. This transcript was rejected by the court. The plaintiff then offered to read in evidence a plea of justification, which the defendant had filed to the declaration, and to which the plaintiff had filed a demurrer that had been sustained by the

court. The circuit court refused to suffer this plea to be read in evidence to prove the words charged by the plaintiff in the declaration to have been spoken by the defendant.

Powell went before the justice of the peace, and made oath that one —— Stone found and converted to his own use about fifty dollars of the money of him, Powell, and that he believed that Stone intended to conceal and convert the same to his own use feloniously. The justice then issued his warrant against one —— Stone. Under the authority of this warrant the officer arrested Jos. J. Stone and brought him before the justice. On the day set for the hearing of the charge against Stone, no prosecutor appearing, he was discharged for want of evidence. The plaintiff then offered to prove that he, Jos. J. Stone, was the same —— Stone mentioned in the transcript, and against whom the said Powell made oath, as mentioned in the transcript from the justice's docket, and the court refused to permit the transcript, with this evidence, to go to the jury. These acts of the court, viz: refusing to permit the transcript, with explanatory evidence, to be read to the jury, and the special plea in bar to be read, are assigned for error.

*In an action for a malicious prosecution, plaintiff offered a transcript from the records of a justice of the peace, in which it appeared that one —— Stone had instituted proceedings against plaintiff, and then offered to prove by parol testimony that defendant was the identical —— Stone mentioned in the record. Held, that the circuit court erred in excluding such evidence.*

The matter which the plaintiff in this action was bound to prove is, that Powell made an affidavit before the justice of the peace, the legal consequence of which was, that the justice issued his warrant, and that he, the plaintiff, was apprehended. Had the plaintiff been guilty of the charge, it would be trifling with justice to suppose that he ought to escape, because his given name was unknown to Powell. It became his duty so to describe the man that he might be found and subjected to punishment, if guilty; if innocent, he ought, though his given name was not inserted in the affidavit of Powell or the warrant of the justice, to have his remedy for the malicious prosecution, if malicious it be. Stone does not found his action here on the record; but the record is produced as evidence that he was the person prosecuted; and there is no manner of impropriety in allowing him to give evidence to prove that he is the person against whom the affidavit was made, and against whom the warrant was issued. In the case of Martin v. Miller, (3 Mo. Dec. p. 136,) Martin, defendant in the circuit court, pleaded that said Miller ought not to have and maintain his action against him, because he says that before the speaking and publishing of the said words of and concerning the said Miller in the said declaration mentioned, to wit, on the

1st day of December, 1828, at, &c. at a court holden before one. William Black, a justice of the peace within, &c. On the trial of the cause the defendant offered in evidence to support his plea of justification, a transcript of the proceedings before the justice of the peace, dated on the 8th day of March, 1828, and not on the 1st day of December, 1828, when the proceedings were alleged in the plea to have been had; and this court decided that the circuit court committed error in refusing to allow the transcript offered to be read to go to the jury. This court then held that the variance in the date of the transcript offered in evidence from that pleaded, was quite immaterial—(see the case and the authorities there cited.) In the case now under consideration, there is no discrepancy betwixt the record offered and the oral testimony. There is a hiatus in the record, the cause of which is obvious to the most superficial, and the object of the testimony is to supply what is wanting and to enable the plaintiff to obtain redress. The case is much plainer than that of Martin v. Miller. In rejecting the oral testimony to prove that the ——— Stone and the plaintiff were the same person, and in refusing to allow the justice's transcript with such testimony to go to the jury, the circuit court, in my opinion, committed manifest error. The defendant might, with the utmost propriety, prove that the plaintiff was not the person whom he intended to designate in the affidavit.

But it seems strange that it should be contended that the defendant's plea of justification ought to have been admitted as evidence to prove the speaking of the words. The law allows him to plead several pleas; and that this privilege should be made a snare to entangle him, would be perverting the law to a purpose which never was intended by the makers thereof.

The circuit court then, in my opinion, committed no error in refusing to permit the plea of justification to be read in evidence. But because that court refused to permit the plaintiff to offer evidence of his identity with the Stone mentioned in the affidavit and warrant, and to permit the transcript, with such evidence, to go to the jury, its judgment ought, in my opinion, to be reversed, and such being the opinion of the other members of this court, it is reversed, and remanded for further proceedings.